UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL D. NELSON (#053923)**          **CIVIL ACTION NO.**

**VERSUS**                                **24-654-BAJ-EWD**

**PARISH OF WEST BATON ROUGE, ET AL.**

## ORDER

Plaintiff Michael D. Nelson ("Nelson"), who is representing himself and who is confined at the West Baton Rouge Parish Jail in Port Allen, Louisiana, filed this suit on or about August 9, 2024.[1] Nelson brings claims of invasion of privacy, retaliation, and claims regarding interference with attorney communications.[2] Because these claims are not sufficiently related, they will be severed into two separate cases.

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[3] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."
[2] R. Doc. 1. When listing his injuries, Nelson also states that his "access to the courts" has been obstructed, but it is unclear whether he intends to bring this claim separately from his claim for interference with attorney communications. R. Doc. 1, p. 4.
[3] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

should not be allowed.[4] In other words, in a multiparty case, if claims arise from different transactions and do not involve all defendants, joinder should not be allowed.[5]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[6] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[7]

In this case, Nelson's claims arise from distinct actions/inactions by different defendants. First, Nelson complains of violations of his Fourth Amendment rights from being viewed on camera in the bathrooms of the jail.[8] Second, Nelson complains that he was retaliated against by Major Judge and Lieutenant Deemer for filing a grievance regarding the cameras in the bathroom and that, as a result of the retaliation, interference with his attorney communications occurred.[9] These claims are not sufficiently related to be joined, especially when considering the purposes of the PLRA. Accordingly,

**IT IS ORDERED** that this case No. 24-cv-654 is **SEVERED** into two separate cases bearing the titles as shown below. The case number for each new case will be sent to Nelson at his address of record as soon as a case number is assigned to his cause. The two severed cases are titled as follows:

---

[4] *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[5] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[6] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), judgment entered, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and aff'd, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[7] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").
[8] R. Doc. 1, pp. 3, 8.
[9] R. Doc. 1, pp. 3-8. To the extent Nelson is attempting to allege that retaliation also denied him access to the courts, he should make that clear in the new action.

Civil Action No. 24-654, *Nelson v. Parish of West Baton Rouge* (this original case number remains unchanged and only applies to the invasion of privacy claims for cameras in the restrooms against Parish of West Baton Rouge, West Baton Rouge Parish Sheriff's Office, Mike Caze, and Rhonda Alleman.

Civil Action No. 25-___, *Nelson v. Judge, et al.* which will contain Nelson's retaliation and interference with attorney communications claims against Major Judge, Lieutenant Deemer, the Parish of West Baton Rouge, West Baton Rouge Parish Sheriff's Office, Mike Caze, and Rhonda Alleman.[10]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint[11] and a copy of this Order into each of the newly opened cases noted above.

**IT IS FURTHER ORDERED** that Nelson must either pay the $405.00 filing fee or file an application to proceed *in forma pauperis* in **each** of the newly opened cases.

Signed in Baton Rouge, Louisiana, on September 23, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] It is unclear if these are the defendants involved in this claim; to the extent the defendants are not correct, Nelson should make any corrections by filing an amended complaint in the new case. Nelson also alleges generally that he has been denied meaningful access to the courts because when he attempts to file a grievance he is retaliated against. R. Doc. 1, p. 6. However, it is unclear if he is attempting to bring a separate access to the courts claim. If he is, Nelson should make that claim clear by filing an amended complaint in the new case.

[11] R. Doc. 1.